IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEO P. COLLINS, § | | |
| TDCJ No. 2210254, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:21-cv-2568-E-BN | |
| § | | |
| DALLAS LEADERSHIP FOUNDATION § | | |
| and JAMES REED, § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Leo P. Collins, a Texas prisoner at the Hutchins State Jail, a facility in this district, filed a *pro se* complaint alleging that he completed Hutchins's Faith Based Dorm (FBD) program, sponsored by Defendant Dallas Leadership Program and administered by Defendant James Reed, but that Reed retaliated against him (after Collins filed a complaint under PREA, the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 *et seq.*) by withholding Collins's completion of FBD from the parole board, depriving Collins of a fair parole review and thus due process. *See* Dkt. No. 3.

United States District Judge Ada Brown referred Collins's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

As ordered, *see* Dkt. No. 4, Collins filed an amended complaint [Dkt. No. 8], through which he clarifies that he does not request release to parole but instead, under 42 U.S.C. § 1983, seeks $1,000 for each day "since his parole was denied for his

mental anguish, distress, pain, and suffering and all punitive damages the Court deems appropriate," *id.* at 4; *see Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) ("Both 28 U.S.C. § 2254 and 42 U.S.C. § 1983 offer relief to those improperly confined by the government. Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas …." (footnotes omitted)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

The undersigned therefore finds that Collins's civil claims for monetary damages are subject to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck*'s "favorable-termination requirement" "applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." (quoting *Heck*, 512 U.S. at 487)); *Colvin v. LaBlanc*, 2 F.4th 494, 499 (5th Cir. 2021) ("Pursuant to *Heck*, the primary question here is whether success on Colvin's claims would necessarily implicate the validity of his conviction <u>or confinement</u>." (emphasis added)).

Under the *Heck* rule, "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on

direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see also Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under [42 U.S.C.] § 1983." (citing *Heck*, 512 U.S. at 486-87)).

That is, "[a] § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted)).

While this rule typically applies to a plaintiff's underlying criminal judgment, it equally applies to decisions denying release to parole. *See, e.g.*, *Thompson v. Tex. Parole & Pardons*, No. 3:20-cv-848-K-BK, 2020 WL 7327989, at *2 (N.D. Tex. Sept. 25, 2020) ("The *Heck* bar also applies to claims for damages related to constitutional violations stemming from parole revocation proceedings, as well as claims for declaratory and injunctive relief. In the case of parole revocation, the Section 1983 action is subject to dismissal under *Heck* absent a showing that the confinement resulting from the parole revocation has been invalidated by a state or federal court…. Therefore, unless and until [the plaintiff's] parole revocation is called into question by[, for example,] a federal writ of habeas corpus, [he] cannot maintain a

civil action for damages, declaratory or injunctive relief that essentially seeks to undermine his parole revocation." (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam); *Almendarez v. Huddleston*, 434 F. App'x 397, 397-98 (5th Cir. 2011) (per curiam))).

Courts often refer to a claim subject to this rule as being *Heck* barred. But, more accurately, a claim subject to the rule in *Heck* has yet to accrue. *See Colvin*, 2 F.4th at 498-99 (*Heck* "based its holding on the 'hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments,' and analyzed when and how a § 1983 cause of action accrues." (footnote omitted)); *see, e.g.*, *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 538-39 (5th Cir. 2020) (per curiam) ("Plaintiff filed this § 1983 claim to recover damages suffered from a series of alleged wrongful prosecutions, convictions, and imprisonment. But because Cook's conviction has yet to be formally terminated in his favor, his causes of action concerning serious official misconduct have not yet accrued and will not begin to accrue until the Texas Court of Criminal Appeals … vacates his conviction and the State dismisses the indictment against him." (citation and footnote omitted)).

In sum, because success on Collins's civil allegations would necessarily implicate the validity of a parole proceeding that has yet to terminate in his favor, the civil claims have yet to accrue and should be dismissed as frivolous at this time.

### Recommendation

The Court should dismiss this action without prejudice because Plaintiff Leo

P. Collins's civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 17, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE