IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEO P. COLLINS, <br> TDCJ No. 2210254, <br><br> Plaintiff, <br><br> V. <br><br> DALLAS LEADERSHIP FOUNDATION <br> and JAMES REED, <br><br> Defendants. | §§§§§§§§§§§§ | No. 3:21-cv-2568-E-BN |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Leo P. Collins, a Texas prisoner at the Hutchins State Jail, a facility in this district, initially filed a *pro se* complaint alleging that he completed Hutchins's Faith Based Dorm (FBD) program, sponsored by Defendant Dallas Leadership Program and administered by Defendant James Reed, but that Reed retaliated against him (after Collins filed a complaint under PREA, the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 *et seq.*) by withholding Collins's completion of FBD from the parole board, depriving Collins of a fair parole review and thus due process. *See* Dkt. No. 3.

United States District Judge Ada Brown referred Collins's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

As ordered, *see* Dkt. No. 4, Collins filed an amended complaint [Dkt. No. 8], through which he clarifies that he does not request release to parole but instead,

under 42 U.S.C. § 1983, seeks $1,000 for each day "since his parole was denied for his mental anguish, distress, pain, and suffering and all punitive damages the Court deems appropriate," *id.* at 4.

And, on November 17, 2021, the undersigned found that Collins's civil claims for monetary damages are subject to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) – because success on those claims necessarily implicates the parole board proceeding that resulted in Collins being denied parole (and thus his continued confinement), a proceeding that Collins has yet to show has been invalidated – and accordingly recommended that the Court dismiss this lawsuit without prejudice [Dkt. No. 11] (the Initial FCR); *see also Santos v. White*, ___ F.4th ___, No. 20-30048, 2021 WL 5346744, at *2-*3 (5th Cir. Nov. 17, 2021) ("The fundamental rationale behind the *Heck* bar is that '[c]hallenges to the *validity* of any confinement or to particulars affecting its *duration* are the province of habeas corpus," whereas "requests for relief turning on *circumstances of confinement* may be presented in a § 1983 action."' Therefore, "*Heck* is not 'implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.'" (quoting *Muhammad v. Close*, 540 U.S. 749, 750, 751 (2004) (per curiam))).

Instead of filing objections to the Initial FCR, Collins filed a second amended complaint adding an additional defendant identified as a chaplain at the Hutchins Unit who allegedly acted "in cohesion with James Reed, by lying saying that my (F.B.D.) completion had been placed on my (I.T.P.) 3-30-21." Dkt. No. 12 at 3.

Collins's adding another party implicates Federal Rule of Civil Procedure 15,

"which gives plaintiffs a temporary right to amend their complaints," and which, even after that right expires, generally "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, ___ F.4th ___, No. 21-40113, 2021 WL 5368678, at *2 (5th Cir. Nov. 18, 2021) (citing FED. R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)).

But, even if the Court allows Collins to further amend his complaint as of course, given that the Court ordered that he file a first amended complaint, his claims for monetary damages remain subject to the rule in *Heck*; have yet to accrue, *see, e.g.*, *Colvin v. LaBlanc*, 2 F.4th 494, 498-99 (5th Cir. 2021); and are therefore currently frivolous, *see Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

## Recommendation

The Court should dismiss this action without prejudice for the reasons explained in the Initial FCR as supplemented above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE