**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LEO P. COLLINS,** | ) | |
| **TDCJ No. 2210254,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:21-CV-2568-E-BH** |
| | ) | |
| **DALLAS LEADERSHIP FOUNDATION,** | ) | |
| **et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge**[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion for Relief from Summary Judgement* [sic] *Order Pursuant to Fed. Rules of Civil Procedures* [sic] *60(b)(5)(6)*, received on November 22, 2022 (doc. 40), should be **DENIED**. The *Motion for an Exstention* [sic], received on December 14, 2022 (doc. 42), is **DENIED**.

## I.        BACKGROUND[2]

Leo P. Collins (Plaintiff) filed this civil rights action under 42 U.S.C. § 1983, alleging that he was denied a fair parole review and due process and seeking monetary damages. (*See* doc. 8.) On December 22, 2021, the action was dismissed without prejudice as subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* docs. 18-19.) His request for reconsideration based on his subsequent release on parole, construed as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b), was denied on May 17, 2022. (*See* doc. 31.) He again seeks relief on the same basis under Rule 60(b), but he adds details to his

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. It was transferred to a different U.S. Magistrate Judge on December 15, 2022. (*See* doc. 45.)

[2] The applicable background of this proceeding is set out more fully in the April 28, 2022 recommendation addressing Plaintiff's previous Rule 60(b) motion. (*See* doc. 30.)

dismissed claims.  (*See* doc. 40.)

## II.    FED. R. CIV. P. 60(b)

Rule 60(b) provides that, upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(6).  A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered.  *See* Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff seeks relief under subsections (5) and (6) of Rule 60(b).  (*See* doc. 40 at 1-2.)  He alleges "that another parole proceding [sic] has transpired and he has been released from the custody (TDCJ) as to where the unconsitional [sic] violations occurred, within the underlying confinement."  (*Id.* at 1.)  He contends that this "terminat[ed] in plaintiff's favor any and all proceedings," and that his "civil claims has [sic] now accured [sic] and are purely ripe for reopening[.]"  (*Id.*)  According to Plaintiff, "[b]eing granted parole and released from confinement is an 'extraordinary circumstance' warranting the 60(b)(5)(6) motion to be granted and [Plaintiff's] claims and case should be reopen [sic] for litigation."  (*Id.* at 2.)  He argues that "the favorable termination requirement [of *Heck*] has been met."  (*Id.*)

*Heck*'s "favorable-termination requirement. . . applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (quoting *Heck*, 512 U.S. at 487).  It applies to

challenges to parole-revocation proceedings and proceedings denying parole.  *See Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam) ("*Heck* applies to proceedings which call into question the fact or duration of parole." (citation omitted)).

Even if Plaintiff has now been released on parole, he has failed to show that the initial parole proceeding upon which this action is based has been invalidated, such as through a successful state habeas application.  He also has not explained or shown why or how he obtained parole in this other parole proceeding, or whether his release to parole resulted from a continuation of the challenged parole proceeding, or from an entirely different parole proceeding.  Plaintiff's allegations regarding his subsequent release to parole do not equate to an invalidation of his prior parole proceeding, and they do not establish that his civil claims are no longer *Heck*-barred.  He has therefore failed to make a showing required for relief under either Rule 60(b)(5) or (b)(6), and his motion should be denied.

### III.    EXTENSION OF TIME

In correspondence dated December 2, 2022, Plaintiff requests "a (30) thirty day exstention [sic] regarding his civil claims before the court answer [sic].  Plaintiff has newly discovered evidence that he would like to amend to his 60(b)(5)(6) motion[.]"  (doc. 42.)  Although he claims that he has alleged "newly discovered evidence," he has provided no information regarding the evidence, and he has not explained he could not or has not yet filed it.  His motion for an extension of time is therefore **DENIED**.

### IV.    RECOMMENDATION

The *Motion for Relief from Summary Judgement* [sic] *Order Pursuant to Fed. Rules of*

*Civil Procedures* [sic] *60(b)(5)(6)*, received on November 22, 2022 (doc. 40), should be **DENIED**.

**SIGNED this 21st day of December, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE